**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Megan Hocking

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| | |
|---|---|
| **MEGAN HOCKING,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P); AND** |
| **ERIN CAPITAL MANAGEMENT, LLC; AND ROSEN & LOEB,** | **(2) NEGLIGENCE** |
| Defendants. | **JURY TRIAL DEMANDED** |

//
//
//
//
//
//

<div style="text-align:left;font-style:italic;transform:rotate(-90deg)">
KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626
</div>

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.   Plaintiff MEGAN HOCKING ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ERIN CAPITAL MANAGEMENT, LLC (hereinafter "ECM"); and ROSEN & LOEB (hereinafter "R&L") and collectively hereinafter "Defendants" with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

Plaintiff alleges on personal knowledge.

5.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.    Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7.    Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

8.    Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and Negligence.

10.   Because Defendants each conduct business within the State of California, personal jurisdiction is established.

11.   Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the County of Orange, State of California, the harm to Plaintiff occurred in the County of Orange, State of California, and Defendants are subject to personal jurisdiction in the County of Orange, State of California, as they each conduct business there.

## PARTIES

12.   Plaintiff is a natural person who resides in the City of Huntington Beach, County of Orange, State of California.

13.   Defendant, Erin Capital Management, LLC ("ECM"), is a Limited Liability Company incorporated under the laws of the State of New York.

14. Defendant, Rosen & Loeb ("R&L"), is law office located in the City of Westlake Village, County of Los Angeles, State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

20. Sometime prior to June 6, 2011, Plaintiff allegedly incurred financial obligations to FIA Card Services, N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(6).

21. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to whether or not this alleged debt was actually owed as it is not relevant to the present

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

action.

23. Subsequently, the alleged debt was allegedly assigned, placed, transferred, or sold to Defendant ECM for collection.

24. Subsequently, but some time before June 6, 2011, Defendant ECM, a debt collector pursuant to the FDCPA, retained, employed, or otherwise engaged Defendant R&L, also a debt collector pursuant to the FDCPA, to proceed with efforts to collect the alleged debt from Plaintiff.

25. Pursuant to the instructions of Defendant ECM, Defendant R&L, acting on behalf of ECM, filed a state collection case (hereinafter referred to as the "state action" against Plaintiff on June 6, 2011 in the Superior Court of California, County of Orange, Case No. 30-2011-00481193-CL-CL-CJC.

26. Subsequently, Defendants filed a Proof of Service of Summons on or about July 6, 2011, indicating that Plaintiff was served with copies of the Summons, Complaint and ADR Information Package by substitute service on June 13, 2011 at 7:10 a.m. by leaving the documents with "DAVID MCGRADY – CO-OCCUPANT." However, Defendants' Proof of Service was false because Plaintiff's father, David McGrady, had passed away several months before the date of purported service on April 10, 2011. Further, no individual similar to the description on Defendants' Proof of Service resided at the address at the time of purported service.

27. Plaintiff was never aware of Defendants' attempts to effectuate service upon Plaintiff, nor was Plaintiff given notice or otherwise aware of the lawsuit filed against Plaintiff in the state action.

28. On August 24, 2011, when Plaintiff did not enter an answer in the state action, Defendants filed a Request for Entry of Default, and based on Defendants' misrepresentations to the court in the state action, the state court entered a Default Judgment against Plaintiff on August 24, 2011.

29. Sometime thereafter, during the last week of December 2016, Plaintiff was

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

made aware of the existence of the state action and the Judgment entered against her by Defendants when she received a notice of a levy on Plaintiff's bank account.

30. Through the above-alleged conduct, Defendants used false representations and deceptive means to collect or attempt to collect an alleged debt from Plaintiff by falsely, deceptively, and misleadingly filing an invalid Proof of Service in the state action and misrepresenting to the court that Defendants had properly served Plaintiff. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

31. Through the above-alleged conduct, Defendants used an unfair or unconscionable means to attempt to collect an alleged debt from Plaintiff by falsely, deceptively, and misleadingly filing an invalid Proof of Service in the state action, misrepresenting to the court that Defendants had properly served Plaintiff, and attempting to collect the improperly obtained Default Judgment from Plaintiff. Consequently, Defendants violated 15 U.S.C. § 1692f.

32. Through the above-alleged conduct, Defendants attempted to collect an amount not authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

33. Through the above-alleged conduct, Defendant threatened to take action that cannot legally be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

34. Through the above-alleged conduct, Defendant made false or misleading representations regarding the character, amount or legal status of the alleged debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(1).

35. Through the above-alleged conduct, Defendant engaged in conduct, the natural consequence of which was to harass Plaintiff. Consequently, Defendant violated 15 U.S.C. § 1692d.

36. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over learning of the Judgment unfairly obtained against her by Defendants and as a result of Defendants' continued collection efforts against her.

37. Through all the above-mentioned conduct, Defendants took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendants have violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(a); 1692e(5); 1692e(10); 1692f; and 1692f(1).

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## COUNT II

### NEGLIGENCE

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendants owed a duty to Plaintiff with regard to their manner of debt collection practices.

43. Defendants breached Defendants' respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

44. Plaintiff asserts that Defendants are both the actual and legal cause of Plaintiff's injuries.

45. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered significant actual damages and emotional distress.

46. Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached Defendants' respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendants' conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

- an award of punitive damages to be determined at trial;

- an award of costs of litigation and reasonable attorney's fees, pursuant to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

15 U.S.C. § 1692k(a)(3), against Defendants; and,

- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

47. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 22, 2017                **KAZEROUNI LAW GROUP, APC**

By: *s/Abbas Kazerounian*
ABBAS KAZEROUNIAN, ESQ.
ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626